# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2010

No. 09-60173
Summary Calendar

Charles R. Fulbruge III
Clerk

ROBERT EARL ELLIS,

Plaintiff-Appellant

v.

KATHRYN MCINTYRE, ILAP Supervisor, in her individual capacity; CHRISTOPHER B EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS, in his official capacity; LAWRENCE KELLEY, Superintendent, in his individual capacity; JAMES BREWER, Warden, in his individual capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:08-CV-95

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

Robert Earl Ellis, Mississippi prisoner # 112146, moves this court to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. Ellis alleged in the district court that he had been denied access to the courts because prison officials denied him requested

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

legal materials and legal assistance. The district court determined that Ellis had failed to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because Ellis had failed to establish that he suffered prejudice as a result of the alleged denial of legal access. The district court also denied Ellis's request to proceed IFP on appeal, certifying that the appeal was not taken in good faith. Ellis's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Ellis argues only that he is not financially eligible to prepay the costs of an appeal and that because the district court allowed him to proceed IFP, he should be permitted to do so on appeal. Although Ellis lists the constitutional claims that he would raise on appeal, this does not suffice to show that he will raise a nonfrivolous appellate claim. *See United States v. Ballard*, 779 F.2d 287, 295 (5th Cir. 1986) (direct criminal appeal) (determining that a party who offers only a listing of alleged errors without citing supporting authorities or references to the record abandons those appellate claims). Because Ellis fails to identify any error in the district court's analysis, any argument is abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Additionally, Ellis is unable to show that he would raise a nonfrivolous appellate issue because he has not established that the purported denial of access to the courts impeded his ability to pursue a nonfrivolous legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Ellis has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Because Ellis has failed to show exceptional circumstances, his motion for appointment of counsel is likewise denied. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

2

No. 09-60173

The dismissal of this appeal and the district court's dismissal for failure to state a claim count as two strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Ellis is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; DISMISSED AS FRIVOLOUS; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.